## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RADIYA BUCHANAN, et al.,

      *Plaintiffs*,

    v.

DONALD J. TRUMP, et al.,

      *Defendants*.

**Case No. 1:20-cv-01542-DLF**

### JOINT STATUS REPORT AND MOTION TO STAY

Plaintiffs and Defendants in the above-titled action (collectively, the "Parties") hereby provide this Joint Status Report and Motion to Stay regarding developments occurring since their November 15, 2021 joint motion to stay, Dkt. 77, as per the Court's November 15, 2021 minute order, and requesting that this Court extend the stay in this action, including staying all pretrial deadlines, for an additional 30 days after entry of the [Proposed] Order so that the Parties may continue their in settlement negotiations in an attempt to resolve this action because the parties have made substantial progress in their discussions but need more time to try to reach an agreement. The Parties state the following:

1. On June 21, 2021, this Court granted in part and denied in part Defendants' motions to dismiss. Dkt. 68–69. The Court's Order allowed two claims to proceed to discovery: "a claim under 42 U.S.C. § 1983 for First Amendment violations by Arlington County and District of Columbia officials" and a "claim for equitable relief against the [official-capacity] federal defendants" under the First Amendment. Order at 50, Dkt. 69.

2. Following the date of the Court's decision, Plaintiffs were preparing to file a motion asking the Court to enter a Rule 54(b) final judgment on the Court's Order dismissing certain

claims and parties or, in the alternative, seeking permission from the Court to appeal the dismissal of certain claims pursuant to 28 U.S.C. § 1292(b).

3.      Defendants asked Plaintiffs to consent to a stay so that the Parties can engage in meaningful settlement discussions.  In response, Plaintiffs agreed to Defendants' request in good faith.  In so doing, Plaintiffs specifically relied on Defendants' express confirmation that, should the settlement talks fail to resolve the case, Plaintiffs reserve the right to then file any motion under Rule 54(b) and/or § 1292(b) seeking leave to appeal and otherwise reserved all rights to prosecute and litigate this action.  In agreeing to a stay, Plaintiffs further relied on representations from Defendants that none of them will use the delay occasioned by a stay (or the time spent seeking it) to contest the timeliness of any such appellate motion or to argue that the filing of such a motion was at all untimely, undiligent, or delayed in any way.  Plaintiffs likewise agreed that in the event any Defendant files a motion under Rule 54(b) or § 1292(b), Plaintiffs will not contest the timeliness of any such motion.  The Parties reserved their rights to oppose any such motion on other grounds.

4.      On July 14, 2021, the Parties filed a joint motion to stay this action, including staying all pretrial deadlines, for 60 days.  Dkt. 71.  By minute order on July 14, 2021, this Court granted the Parties' joint motion to stay and ordered that the Parties file a joint status report by September 13, 2021. Having made significant progress in the first 60 days of negotiations, the Parties on September 13, 2021, filed another joint motion to stay this action for 60 days.  Dkt. 74. By minute order the same day, the Court granted the joint motion to stay and ordered that the Parties file a joint status report by November 15, 2021.  Having made significant progress in the second 60 days of negotiations, the Parties on November 15, 2021, filed another joint motion to

stay this action for 60 days.  *See* Dkt. 77.  By minute order the same day, the Court granted the joint motion to stay and ordered that the Parties file a joint status report by January 13, 2022.

5.      The Parties' settlement negotiations are ongoing and proceeding in good faith. During the first 60 days of negotiations, Defendants made an initial proffer regarding policy changes they are considering implementing as a result of this action, and Plaintiffs provided a first round of comments on those policies and proposed other forms of relief. During the next 60 days, Defendants and Plaintiffs exchanged multiple additional memoranda and negotiated over specific draft policy language and additional relief. Due to the logistics of coordinating among three sets of Plaintiffs, two local government entities (the District of Columbia and Arlington County, whose officers are still Defendants in one or more of these cases), and multiple federal agencies, the process of review and comment took longer than anticipated, but during the past 60 days, the Parties have exchanged detailed proposals narrowing their differences regarding the contours of a potential settlement.  The Parties now believe that a settlement to resolve at least some of the claims is likely achievable within an additional 30 days.

6.      This Court has broad discretion to enter a stay incidental to its power to control its own docket—particularly where, as here, a stay would promote judicial economy and efficiency. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (internal quotation marks omitted).

7.      Accordingly, the Parties jointly move this Court for an order staying this action for 60 days after entry of the [Proposed] Order—to and including February 14, 2022—to allow the Parties to engage in continued settlement discussions, after which time the Parties propose to file

a joint status report on how to proceed.  This stay will facilitate settlement efforts and prevent unnecessary expenditures of the Parties' and judicial resources.

8.      The Parties agree that the relief sought in this motion is necessary to handle the case in the most economical fashion. The relief sought is not being requested for delay, but so that justice may be done.

9.      The Parties jointly and respectfully request that the Court enter the attached [Proposed] Order.

Dated:      January 13, 2022

Respectfully submitted,

*/s/       Greta B. Williams*

Greta B. Williams (D.C. Bar No. 1006968)
Naima L. Farrell (D.C. Bar No. 1023230)
Matthew Guice Aiken (D.C. Bar No. 1616755)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel:  202.955.8500
GBWilliams@gibsondunn.com
NFarrell@gibsondunn.com
MAiken@gibsondunn.com

Randy M. Mastro (*pro hac vice*)
Orin Snyder (*pro hac vice*)
Anne Champion (*pro hac vice*)
Katherine Marquart (*pro hac vice*)
Lee R. Crain (*pro hac vice*)
Amanda L. LeSavage (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Tel:  212.351.4000
RMastro@gibsondunn.com
OSnyder@gibsondunn.com
AChampion@gibsondunn.com
KMarquart@gibsondunn.com
LCrain@gibsondunn.com
ALeSavage@gibsondunn.com

*Counsel for Plaintiffs Radiya Buchanan,*
*Ann Dagrin, and Lindsay Field*

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/       Christopher C. Hair*
CHRISTOPHER C. HAIR
PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541

5

christopher.hair@usdoj.gov

*Counsel for the United States*

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/      Richard P. Sobiecki*
RICHARD SOBIECKI [500163]
BRENDAN HEATH [1619960]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 805-7512; (202) 442-9880
Fax: (202) 703-0646
richard.sobiecki@dc.gov
brendan.heath@dc.gov

*Counsel for District of Columbia Defendants*

MINHCHAU CORR, County Attorney
Virginia Bar No. 78877

*/s/      Ryan Samuel*
Ryan Samuel, Assistant County Attorney
D.C. Bar No. 1614909
Arlington County Attorney's Office
2100 Clarendon Boulevard, #403
Arlington, Virginia, 22201
703-228-3100
703-228-7106 (fax)
mcorr@arlingtonva.us
rsamuel@arlingtonva.us

*Counsel for Arlington County Defendants*

6