IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RADIYA BUCHANAN, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> *Defendants*. | **Case No. 1:20-cv-01542-DLF** |

### JOINT MOTION TO EXTEND THE TEMPORARY STAY

Plaintiffs and Defendants in the above-titled action (collectively, the "Parties") respectfully move the Court to extend the temporary stay in this action for an additional 14 days.

As previously reported, the Parties have reached an agreement in principle to settle a significant portion of the case. Over the past month, the parties have made significant progress in their discussions, reaching full agreement on the substance of the settlement agreement. The Parties now anticipate that they can finalize and obtain appropriate signatures on the text of the settlement agreement within 14 days. The Parties recognize that the process of finalization has been lengthy, and the government is working diligently to secure settlement approval pursuant to the requisite process. The settling Parties are firmly committed to completing the process expeditiously and appreciate the Court's patience.

The Parties therefore request that this Court extend the stay in this action, including staying all pretrial deadlines, for an additional 14 days after entry of the [Proposed] Order so that the Parties can finalize and obtain the appropriate signatures on their agreement.

The Parties state the following in support of their motion:

1. On June 21, 2021, this Court granted in part and denied in part Defendants' motions to dismiss. Dkt. 68–69. The Court's Order allowed two claims to proceed to discovery: "a claim under 42 U.S.C. § 1983 for First Amendment violations by Arlington County and District of Columbia officials" and a "claim for equitable relief against the [official-capacity] federal defendants" under the First Amendment. Order at 50, Dkt. 69.

2. Following the date of the Court's decision, Plaintiffs were preparing to file a motion asking the Court to enter a Rule 54(b) final judgment on the Court's Order dismissing certain claims and parties or, in the alternative, seeking permission from the Court to appeal the dismissal of certain claims pursuant to 28 U.S.C. § 1292(b).

3. Defendants asked the Plaintiffs in this case and the three related ones to consent to a stay so that the Parties could engage in meaningful settlement discussions. In response, all Plaintiffs agreed to Defendants' request in good faith. In so doing, Plaintiffs specifically relied on Defendants' express understanding that, should the settlement talks fail to resolve the case, Plaintiffs reserved the right to then file any motions pertaining to the dismissed claims. In agreeing to a stay, Plaintiffs further relied on representations from Defendants that none of them would use the delay occasioned by the stay (or the time spent seeking it) to contest the timeliness of any such motions or to argue that the filing of such a motion was at all untimely, undiligent, or delayed in any way. Defendants reserved their rights to oppose any such motions on other grounds.

4. On July 14, 2021, the Parties filed a joint motion to stay this action, including staying all pretrial deadlines, for 60 days. Dkt. 71. By minute order on July 14, 2021, this Court granted the Parties' joint motion to stay and ordered that the Parties file a joint status report by September 13, 2021. The Parties requested that the stay be extended several times throughout the

fall and winter because negotiations were progressing meaningfully and they believed further discussions would be fruitful. *See* Dkt. 74, 77, 80, 82.  The Court granted each request.

5. On February 23, 2022, after months of negotiations, Plaintiffs reached an agreement in principle with several of the Defendants to settle a significant portion of the case. Therefore, on February 28, 2022, the Parties requested an additional 30 days to draft their settlement agreement, *see* Dkt. 84, which the Court granted.  Having reached agreement on the substance of the settlement, the parties now anticipate that they can finalize and obtain signatures on the text of the settlement agreement within 14 days.  All parties therefore request that the Court extend the stay of this matter so that this process may conclude.  At that time, the parties who remain in the case anticipate they will be in a position to file with the Court a joint proposal for scheduling the next steps in this matter.

6. This Court has broad discretion to enter a stay incidental to its power to control its own docket—particularly where, as here, a stay would promote judicial economy and efficiency. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (internal quotation marks omitted).

7. Accordingly, the Parties jointly move this Court for an order staying this action for 30 days after entry of the [Proposed] Order—to and including April 13, 2022—at which time the Parties propose to file a joint status report on how to proceed. This stay will facilitate the conclusion of the partial settlement process and prevent unnecessary expenditures of the Parties' and judicial resources.

8. The Parties agree that the relief sought in this motion is necessary to handle the case in the most economical fashion and is not for the purpose of delay.

9. The Parties jointly and respectfully request that the Court enter the attached [Proposed] Order.

Dated:   March 30, 2022                    Respectfully submitted,

/s/      Greta B. Williams

Greta B. Williams (D.C. Bar No. 1006968)
Naima L. Farrell (D.C. Bar No. 1023230)
Matthew Guice Aiken (D.C. Bar No. 1616755)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: 202.955.8500
GBWilliams@gibsondunn.com
NFarrell@gibsondunn.com
MAiken@gibsondunn.com

Randy M. Mastro (*pro hac vice*)
Orin Snyder (*pro hac vice*)
Anne Champion (*pro hac vice*)
Katherine Marquart (*pro hac vice*)
Lee R. Crain (*pro hac vice*)
Amanda L. LeSavage (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Tel: 212.351.4000
RMastro@gibsondunn.com
OSnyder@gibsondunn.com
AChampion@gibsondunn.com
KMarquart@gibsondunn.com
LCrain@gibsondunn.com
ALeSavage@gibsondunn.com

*Counsel for Plaintiffs Radiya Buchanan,
Ann Dagrin, and Lindsay Field*

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/      Christopher C. Hair
CHRISTOPHER C. HAIR
PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541

5

christopher.hair@usdoj.gov

*Counsel for the United States*

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/       Richard P. Sobiecki*
RICHARD SOBIECKI [500163]
BRENDAN HEATH [1619960]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 805-7512; (202) 442-9880
Fax: (202) 703-0646
richard.sobiecki@dc.gov
brendan.heath@dc.gov

*Counsel for District of Columbia Defendants*

MINHCHAU CORR, County Attorney
Virginia Bar No. 78877

*/s/      Ryan Samuel*
Ryan Samuel, Deputy County Attorney
D.C. Bar No. 1614909
Arlington County Attorney's Office
2100 Clarendon Boulevard, #403
Arlington, Virginia, 22201
703-228-3100
703-228-7106 (fax)
mcorr@arlingtonva.us
rsamuel@arlingtonva.us

*Counsel for Arlington County Defendants*